# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **EMMETT JUNIOR SIGERS, III,** | * |
| **# 260909,** | * |
| | * |
| Plaintiff, | * |
| | * CIVIL ACTION NO. 21-00543-CG-B |
| vs. | * |
| | * |
| **WARDEN BUTLER**, *et al.*, | * |
| | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Emmett Junior Sigers, III, an Alabama state prisoner proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees ("IFP motion"). (Docs. 1, 2).[1] Sigers's complaint and IFP motion were not on this Court's required forms. Accordingly, on March 23, 2022, the Court ordered Sigers to file an amended complaint and an IFP motion on this Court's required forms by April 25, 2022. (Doc. 3 at 1). The Court directed the Clerk to send Sigers the Court's § 1983 prisoner complaint and IFP motion forms for his use. (Id. at 7).

The Court's order, along with the forms for a § 1983 prisoner complaint and IFP motion, were mailed to Sigers at Ventress

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

Correctional Facility, where he was incarcerated when he commenced this action in December 2021. The documents were not returned as undeliverable, but a subsequent search of the website for the Alabama Department of Corrections ("ADOC") revealed that Sigers had been transferred to Red Eagle Community Work Center ("Red Eagle"). Sigers did not notify the Court of his change of address.

In an order dated May 23, 2022, the Court noted Sigers's transfer to Red Eagle, directed the Clerk to update Sigers's address on file and mail the Court's previous March 2022 order to Sigers at his new address, and *sua sponte* extended the time for Sigers to file an amended complaint and IFP motion on this Court's required forms to June 21, 2022. (Doc. 5 at 2). The undersigned cautioned Sigers that failure to fully comply with the Court's directives by the new deadline or to immediately advise the Court of another change in his address would result in a recommendation that this action be dismissed for failure to prosecute and obey the Court's orders. (Id. at 2-3).

In response to the Court's order, Sigers filed an amended complaint on this Court's § 1983 prisoner complaint form, which was dated June 16, 2022. (Doc. 6). However, Sigers failed to file an IFP motion on this Court's required form as directed. In an order dated July 11, 2022, the Court *sua sponte* extended the time for Sigers to file an IFP motion on this Court's required form to August 8, 2022, and ordered Sigers to show cause by that

2

date for his failure to fully comply with the Court's two previous orders. (Doc. 7 at 3). The Court again directed the Clerk to send Sigers a copy of this Court's current IFP motion form. (Id.). And the Court once again warned Sigers that failure to fully comply with the order within the prescribed time would result in a recommendation that this action be dismissed for failure to prosecute and obey the Court's orders, and that there would be no further warnings. (Id.).

To date, Sigers has not filed an IFP motion on this Court's required form, despite being ordered to do so no later than the extended deadline of August 8, 2022. Nor has Sigers, in lieu of filing a complying IFP motion, paid the filing fee. Sigers has not requested additional time to comply with the Court's order of July 11, 2022, he has not indicated that he is unable to comply with the Court's order, and he has not provided any other explanation for his failure to file an IFP motion on the Court's required form as directed. The Court's July 11, 2022 order, which was mailed to Sigers at Red Eagle, has not been returned as undeliverable. However, ADOC's website no longer reflects that Sigers is in ADOC's custody, which suggests that Sigers may have been released from custody without notifying the Court of his change of address.

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or

obey a court order.  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[2]  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

As noted previously, Sigers failed to notify the Court of his transfer to Red Eagle, failed to fully comply with the Court's order of May 23, 2022, and has made no apparent attempt to comply with the Court's July 11, 2022 order.  Nor has Sigers explained his failure to comply with the Court's orders, indicated that he is unable to comply, or sought additional time within which to comply.  Furthermore, although Sigers has not notified the Court

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

of an address change, an inmate search suggests that Sigers is no longer in ADOC's custody. Sigers's lack of response suggests that he has lost interest in and abandoned the prosecution of this action. In light of Sigers's failure to prosecute this action and failure to obey this Court's orders by filing an IFP motion on this Court's required form and showing cause for his failure to comply with the Court previous orders, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice.[3]

If Sigers disputes the finding that he failed to comply with the Court's orders as outlined above, he must set forth in an objection to this report and recommendation the reasons for his failure to timely file an IFP motion on the Court's required form and his failure to timely show cause for his failure to comply with the Court's orders dated March 23, 2022 and May 23, 2022. See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps

---

[3] The Court notes that Sigers complains of acts or omissions that occurred in January 2021. (See Doc. 6). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Sigers would have the ability to refile his claims prior to the expiration of the statute of limitations.

taken by a prisoner to comply with an order to pay a partial filing fee).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **11th** day of **August, 2022.**

                                                        **/S/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**